AD VALOREM TAXES — MANUFACTURING FIRMS If an Oklahoma manufacturing firm manufactured products from materials such as thread or twine purchased from some other manufacturer such Oklahoma firm would not come within the purview of 68 O.S. 2001 [68-2001] (1969), providing taxes in lieu of ad valorem taxes, but would have its stock and buildings assessed by the County Assessor in the same manner as other property of the same kind or character. The Attorney General has been asked to reconsider his Opinion No. 69-181 addressed to Governor Dewey F. Bartlett, wherein it was, in effect, asked: 1. Would a manufacturing firm located in Oklahoma and manufacturing products from synthetic fibers on basic textile machinery pay a gross production tax as contemplated by 68 O.S. 2001 [68-2001] (1968), in lieu of ad valorem taxes? 2. If the answer to the first question is in the affirmative, would the land on which such a plant or firm is located be subject to ad valorem taxation? We answered both questions in the affirmative. It has been called o our attention that on March 10, 1964, in Opinion No. 64-180, addressed to the Honorable J. D. Dunn, Chairman, Oklahoma Tax Commission, we answered the first of said questions in the negative. The pertinent statutes are 68 O.S. 1961, 781-786 [68-781] — [68-786], renumbered in Oklahoma Tax Code of 1965, Laws 1965, c.215, 1 as Article 20, Sections 2001-2006, now 68 O.S. 2001 [68-2001] — 68 O.S. 2006 [68-2006]. Section 2001 was first enacted Laws 1927, c. 111, p. 173, 1 and provided a method for taxing Cotton Manufactories in lieu of ad valorem taxes on stock and buildings. Section 1 of the 1927 law provided in relevant part: "That every person, firm, association, or corporation engaged in the manufacture of products from lint cotton, by carding, spinning, making twine, or weaving into cloth, or other processes, or using any property whatever in such enterprise, shall . . . file with the County Assessor of the county in which said property so engaged, including all buildings housing such cotton mill, . . . on forms . . . showing the location of the said cotton mill within the county, the kind of product manufactured by the said mill, the gross amount thereof produced, the selling price for all such products sold, and the actual cash value of the manufactured product on hand at the place of production. . . . "This Act is intended to classify property engaged in the manufacture of lint cotton in this State for the purposes of taxation, . . . . "The payment of the taxes herein imposed shall be in full and in lieu of all taxes by the state, counties, cities, towns, townships, school districts and other municipalities upon any property rights attached to or inherent in the property of the said cotton manufactory, and upon any buildings, machinery, engines, spindles, weaving machines, and upon any and all other machinery and appliances and equipments used in and around such cotton manufactory producing any manufactured produced (Sic. J from lint cotton in the raw state in this State, . . . but the land exclusive of the buildings and such other property than that herein enumerated, and any raw cotton not purchased for and intended to be manufactured on the ad valorem taxing date and thereafter manufactured in said cotton mill or mills, shall be assessed and taxed ad valorem as other property within the taxing district . . . ." (Emphasis added) The 1927 Act was amended by Laws 1955, p. 390, 1, in the following particulars, as stated in our 1964 opinion: "lint cotton' was changed to 'lint cotton, wool, synthetic fibers, or any combination thereof;' 'Cotton manufactory' was changed to 'textile manufactory;' 'cotton mill or mills' was changed to 'textile mill or mills;' and 'lint cotton in the raw state' was changed to 'lint cotton, wool, or synthetic fibers in the raw state."' It appears the answer to the first question posed by the Governor in Opinion No. 69-181 should have been in the negative. If an Oklahoma manufacturing firm manufactured products from materials such as thread or twine purchased from some other manufacturer such Oklahoma firm would not come within the purview of 68 O.S. 2001 [68-2001] (1969), providing taxes in lieu of ad valorem taxes, but would have its stock and buildings assessed by the County Assessor in the same manner as other property of the same kind or character. This answer to the first question negates the necessity for an answer to the second question. In view of the above discussion, it is the opinion of the Attorney General that Opinion No. 69-181 be withdrawn and canceled and this opinion substituted therefor holding question one of said opinion be answered in the negative, as set out above. It is the further opinion of the Attorney General that our Opinion No. 64-180 be affirmed. (W. J. Monroe) ** SEE: OPINION NO. 69-181 (1969) **